UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 14-12297 SDB |
| | ) | |
| SCIENCE FITNESS, LLC | ) | |
| | ) | |
|     DEBTOR | ) | CHAPTER 7 |
| | ) | |
| EVANS PLAZA PARTNERS, LLC | ) | |
| | ) | |
|     PLAINTIFF | ) | ADVERSARY PROCEEDING |
| | ) | NO. 16-1035 SDB |
| VS. | ) | |
| | ) | |
| JOY WEBSTER, CHAPTER 7 TRUSTEE and EVANS FITNESS CLUB EXPRESS, LLC | ) ) ) | |
| | ) | |
|     DEFENDANTS | ) | |
| | ) | |
| JOY WEBSTER, CHAPTER 7 TRUSTEE | ) | |
| | ) | |
|     CROSS-CLAIMANT | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| EVANS FITNESS CLUB EXPRESS, LLC | ) | |
| | ) | |
|     CROSS-DEFENDANT | ) | |

**BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Joy R. Webster, Trustee ("Trustee") Defendant in the above referenced adversary proceeding, files this brief in support of her motion for summary judgment and shows the Court the following.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment

as a matter of law. Fed.R.Bankr.P. 56(c); *In re Moskowitz*, 2011 Bankr. Lexis 4800, 6 (Bankr. N.D. Ga. 2011); *citing*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2592 L.Ed. 2d 265 (1986).

> **1. The Trustee is entitled to judgment as a matter of law with respect to the Landlord's claims a. through d. in its prayer for relief because they are moot as to the Trustee.**

Moot cases should be dismissed. *Dupree v. Palmer*, 284 F. 3d 1234, 1236 (11th Cir. 2002). A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. *Id*. Jurisdiction may abate if a case becomes moot because

1) It can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and

2) Interim relief or events have completely eradicated the effects of the alleged violation.

*Id.* at 1237.

With respect to the Trustee, the Landlord has already obtained the relief requested in its first four requests in the prayer for relief. The Landlord's first four prayers for relief include the following requests:

a. Restrain and enjoin the above Defendants, their agents or assignees from proceeding with any removal of fixtures or any other damage to Landlord's property;

b. The return of all fixtures unlawfully removed from the Leased Premises, including without limitation all mirrors, wall mounts and lockers, to their original state before extraction;

c. Immediate identification of assets and return to the Leased Premises by Express, its officers, owners and directors;

    d.  Identification of the location of all equipment and property removed from the Leased Premises and an injunction against their sale or disposal until such time as Landlord is made whole from the damage caused to its premises;

The Landlord obtained the relief requested in paragraph a. when the Court entered the order granting the Trustee's motion for temporary restraining order in Adversary Proceeding No. 16-1034 and the order entered by the Court in this adversary proceeding on October 7, 2016 (Doc. 15). It should also be noted that the Trustee never authorized Express to remove the disputed items. As soon as the Trustee became aware that Express was removing the lockers and mirrors, she notified Express that they were not authorized to remove the items. Exhibit T-4 (Trustee's affidavit). When she became aware that Express continued to remove the lockers and mirrors, she was the first party to seek a temporary restraining order to prevent Express from further violating the asset purchase agreement ("APA") by removing the lockers and mirrors not covered by the APA. Exhibit T-6 (Asset Purchase Agreement).

The order entered by this Court on October 7, 2016 addressed items b, c and d in the Landlord's prayer for relief. The Trustee does not have possession or control of the disputed items and never authorized their removal from the premises. Exhibit T-4 (Trustee's affidavit). The Trustee does not believe that the disputed items are property of the estate, but to the extent they are, she will abandon her interest in them. Exhibit T-4 (Trustee's affidavit). Furthermore, the lease was rejected by operation of law immediately after September 30, 2017, and the Landlord obtained complete control over the premises on October 7, 2017.

This is essentially a two party dispute between the Landlord and Express. The temporary restraining order entered in AP. No. 16-1034 and the order entered on October

7, 2016 eradicated the effects of any perceived violation by the Trustee. The order entered on October 7, 2016 also set forth a procedure for the Landlord and Express to litigate their claim to the disputed items. The only interest the Trustee now has in this litigation is via her cross-claim against Express. Items a. through d. in the Landlord's prayer for relief are moot as to the Trustee. If damages are assessed for the improper removal of the Disputed Items, they should be assessed against Express, not the Trustee.

**2. The Landlord's claim for attorney's fees and other relief should be handled through the claims allowance process.**

The Landlord also requests attorney's fees and other relief that is equitable and just. The Trustee is forced to guess the factual and legal basis for an award of attorney's fees and other relief against her. To the extent the Landlord is requesting attorney's fees, future rents or other charges due under the lease, the Landlord should utilize the claims allowance process by amending its proof of claim pursuant to 11 U.S.C. § 502(b)(6) or moving for the allowance of an administrative expense claim pursuant 11 U.S.C. § 503.

### CONCLUSION

The Trustee requests that a judgment is entered denying the Landlord's claims against her due to mootness, or in the alternative, dismissing the Landlord's claims as to the Trustee.

This **8th** day of **May, 2017.**

                                            /s/ Robert M. Matson

Akin, Webster & Matson, P.C.       Robert M. Matson
P.O. Box 1773                           Attorney for Plaintiff
Macon, GA 31202                    State Bar No. 477102
(478) 742-1889
rmatson@akin-webster.com