UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 14-12297 SDB |
| | ) | |
| SCIENCE FITNESS, LLC | ) | |
| | ) | |
|     DEBTOR | ) | CHAPTER 7 |
| | ) | |
| EVANS PLAZA PARTNERS, LLC | ) | |
| | ) | |
|     PLAINTIFF | ) | ADVERSARY PROCEEDING |
| | ) | NO. 16-1035 SDB |
| VS. | ) | |
| | ) | |
| JOY WEBSTER, CHAPTER 7 TRUSTEE and EVANS FITNESS CLUB EXPRESS, LLC | ) ) ) | |
| | ) | |
|     DEFENDANTS | ) | |
| | ) | |
| JOY WEBSTER, CHAPTER 7 TRUSTEE | ) | |
| | ) | |
|     CROSS-CLAIMANT | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| EVANS FITNESS CLUB EXPRESS, LLC | ) | |
| | ) | |
|     CROSS-DEFENDANT | ) | |

## REPLY BRIEF

Joy R. Webster, Trustee ("Trustee"), Defendant and Cross-Claimant in the above referenced adversary proceeding, files this reply brief to the Plaintiff's Response to Trustee's Motion for Summary Judgment ("Response") pursuant to LR 7.6 and shows the Court the following.

The Plaintiff ("Landlord") filed a Response to the Trustee's motion for summary judgment on May 29, 2017. In the Response, the Landlord expands the relief sought in

its complaint/ Emergency Motion for Temporary Restraining Order and Preliminary Injunction by attempting to impose personal liability on the Trustee due to her actions. The Landlord cites the case of *Red Carpet Corp. of Panama City Beach v. Miller*, 708 F.2d 1576 (11th Cir. 1983) as authority. The Eleventh Circuit held in that case that an attorney for the Trustee may have his or her fee reduced or denied for poor work quality, but the Court cannot make and affirmative award of damages. *Id*. at 1578. In dicta, the court stated that a bankruptcy trustee is liable for wrongful conduct and may be surcharged. *Id*. There is no binding precedent in the eleventh circuit on a Trustee's personal liability. The Landlord's reliance on this case is factually distinguished since that case involved the attorney for the trustee. The case is also inapplicable since the assertion about a Trustee's liability is dicta.

*In re Concrete Products, Inc*. is a helpful decision to determine when a Trustee is liable in her official and personal capacity. *In re Concrete Products, Inc.*, 1992 Bankr. Lexis 2627 (Bankr. S.D. Ga. 1992). In *Concrete Products*, the Debtor argued in part that the trustee continued to operate a business at a loss to maximize his compensation that resulted in substantial losses to the estate. *Id*. at 54. The Court noted that a trustee is clothed with absolute immunity for her acts taken with Court approval, but that uniformly, courts have held that trustees are subject to personal liability for willful and deliberate violations of their fiduciary duties. *Id*. at 56-57. After analyzing the applicable law, the court held that a bankruptcy trustee is not liable for mistakes in judgment where discretion is allowed, and is not liable where her actions are taken with approval of a court order or in compliance with a court order. *Id*. at 59-60.

The Court should dismiss the Trustee from this action because she has qualified immunity. The Trustee should not be liable in her official capacity or her personal capacity for the alleged damages suffered by the Landlord. The Trustee sold the Debtor's assets to Evans Fitness Club Express, LLC ("Express") pursuant to an order entered by this Court. Exhibit T-3 (Sale Order). Implicit in that order is that the Trustee would allow Express to physically remove the assets it purchased pursuant to the sale order. Express paid the funds to the Trustee pursuant to the sale order and proceeded to remove the assets it purchased. Exhibit T-4 (Trustee's affidavit). When the Trustee was informed that Express was removing the disputed items not included in the asset purchase agreement, she promptly notified Express that it was not authorized to remove them. When Express continued to remove the disputed items, the Trustee moved this Court for a restraining order to prevent Express from doing so. The Trustee's actions show that at all times her actions were taken in furtherance of the sale order and other orders issued by this Court. There are no allegations by the Landlord in its motion/complaint or in any of the affidavits before this Court alleging that the Trustee took actions outside the scope of the sale order or any other order issued by this Court. *In re Concrete Products, Inc.*, 1992 Bankr. Lexis at 59-60. There are also no allegations that the Trustee willfully and intentionally violated her fiduciary duties. *Id.* The Landlord's allegations against the Trustee and the Trustee's actions indicate this Court should not impose liability against the Trustee in her official or individual capacity. The Trustee should be dismissed from this adversary proceeding due to her qualified immunity.

To the extent this Court feels the Landlord has potential claims against the estate pursuant to the lease, the Landlord may utilize the claims allowance process by amending its proof of claim or moving for another administrative expense claim.

Wherefore the Trustee prays that the Court grant her motion for summary judgment.

This **12th** day of **June, 2017.**

|  |  |
|---|---|
| | /s/ Robert M. Matson |
| Akin, Webster & Matson, P.C. | Robert M. Matson |
| P.O. Box 1773 | Attorney for Trustee |
| Macon, GA 31202 | State Bar No. 477102 |
| (478) 742-1889 | |
| rmatson@akin-webster.com | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 14-12297 SDB |
| | ) | |
| SCIENCE FITNESS, LLC | ) | |
| | ) | |
|     DEBTOR | ) | CHAPTER 7 |
| | ) | |
| EVANS PLAZA PARTNERS, LLC | ) | |
| | ) | |
|     PLAINTIFF | ) | ADVERSARY PROCEEDING |
| | ) | NO. 16-1035 SDB |
| VS. | ) | |
| | ) | |
| JOY WEBSTER, CHAPTER 7 TRUSTEE and EVANS FITNESS CLUB EXPRESS, LLC | ) | |
| | ) | |
|     DEFENDANTS | ) | |
| | ) | |
| JOY WEBSTER, CHAPTER 7 TRUSTEE | ) | |
| | ) | |
|     CROSS-CLAIMANT | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| EVANS FITNESS CLUB EXPRESS, LLC | ) | |
| | ) | |
|     CROSS-DEFENDANT | ) | |

**CERTIFICATE OF SERVICE**

    This certifies that I have this day served a copy of the Reply Brief on **Nathan E. Huff**, Attorney for Evans Plaza Partners, LLC and **John P. Claeys,** Attorney for Evans Fitness Club Express, LLC, via CM/ECF notice.

    This **12th** day of **June, 2017.**

|  |  |
|---|---|
|  | /s/ Robert M. Matson |
| Akin, Webster & Matson, P.C. | Robert M. Matson |
| P.O. Box 1773 | Attorney for Trustee |
| Macon, GA 31202 | State Bar No. 477102 |
| (478) 742-1889 |  |