UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 14-12297 SDB |
| | ) | |
| SCIENCE FITNESS, LLC | ) | |
| | ) | |
|    DEBTOR | ) | CHAPTER 7 |
| | ) | |
| EVANS PLAZA PARTNERS, LLC | ) | |
| | ) | |
|    PLAINTIFF | ) | ADVERSARY PROCEEDING |
| | ) | NO. 16-1035 SDB |
| VS. | ) | |
| | ) | |
| JOY WEBSTER, CHAPTER 7 TRUSTEE and EVANS FITNESS CLUB EXPRESS, LLC | ) ) ) | |
| | ) | |
|    DEFENDANTS | ) | |
| | ) | |
| JOY WEBSTER, CHAPTER 7 TRUSTEE | ) | |
| | ) | |
|    CROSS-CLAIMANT | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| EVANS FITNESS CLUB EXPRESS, LLC | ) | |
| | ) | |
|    CROSS-DEFENDANT | ) | |

**PLAINTIFF'S PRETRIAL ORDER**

**1.**

1. Stipulation of Plaintiff.

    - On or about July 1, 2011, Debtor entered into a purchase agreement of the gym business of G.H. Evans, LLC. On or about July 20, 2011, Debtor assumed the lease of G.H. Evans, LLC to the Plaintiff's premises located at 4408 Evans to Lock Road, Evans GA.

    - The Debtor filed a chapter 11 Bankruptcy in this Court on December 8, 2014

1

("Petition Date"). The case was converted to a chapter 7 bankruptcy on May 2, 2016. Joy R. Webster, Trustee ("Trustee") is the duly appointed trustee in this case pursuant to 11 U.S.C. § 702(d). (Doc. 276 in Bankruptcy Case). On August 9, 2016, the Trustee filed a Motion to Sell Property of the Estate Free and Clear of Liens and Encumbrances. Exhibit T-1 (Doc. 281). In the said motion the Trustee proposed to sell substantially all of the Debtor's assets by private sale free and clear of liens, excluding certain intangible claims, i.e. causes of actions, potential claims for tax refunds, etc.

- On September 9, 2016, the Court entered an order allowing the Trustee to operate the Debtor's business until September 30, 2016 and an order extending the deadline for the Trustee to assume or reject the lease with Evans Plaza Partners, LLC ("Landlord"). (Docs. 307 and 308 in Bankruptcy Case).

- On September 20, 2016, the Court held the final hearing on the motion to sell the Debtor's assets, (Doc. 322 in Bankruptcy Case). On September 21, 2016, the Court entered an order granting the Trustee's motion to sell assets of the Estate free and clear of liens and encumbrances. (Doc. 324 in Bankruptcy Case). Said order provides that the Trustee was allowed to sell the Property to Express for $405,900.00. Exhibit T-3 (Doc. 324 in Bankruptcy Case).

- On September 22, 2016, the Trustee received $405,900.00 from Express via wire transfer. Exhibit T-4 (Trustee's affidavit). On September 27, 2016, the

Trustee and Express executed the Asset Purchase Agreement. Exhibit T-4 (Trustee's affidavit) and Exhibit T-6 (Asset Purchase Agreement). Section 2.1 a. of the asset purchase agreement defines the assets being acquired by Express to include all accounts, contract rights, membership agreements, personal training contracts, contracts and all accounts receivable through ABC Financial and ClubReady, furniture, furnishings, equipment, inventory, intellectual property required for the operation of the Debtor's business. Exhibit T-6, p.2. In any event, Trustee could only sell assets of the Debtor. On September 28, 2016, the Trustee executed a bill of sale transferring the remaining assets to Express. Exhibit T-7. (Bill of Sale).

- On September 29, 2016, the Trustee filed Adversary Proceeding No. 16-01034 seeking a declaratory judgment that the mirrors, lockers, television mounts and other fixtures were not included in the sale and that they should be returned.

- The Trustee also sought a temporary restraining order ("TRO") to stop Express from removing the disputed items until the matter could be heard by the Court. The TRO was granted on September 29, 2016.

- On September 29, 2016 Plaintiff filed the instant Adversary requesting a restraining order preventing the removal of any further fixtures or of any further damage to Plaintiff's premises. The Trustee agrees with Plaintiff that the Disputed Items were not part of the APA.

2.

3

**The basis of this Court's jurisdiction and any question relating to its jurisdiction.**

The Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1334.  This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A) and (B).

3.

**Any motions or other matters in the case which have not been previously decided. Any motion not enumerated shall be deemed to be abandoned and withdrawn by the moving party.**

There are two pending motions filed by the Trustee;  the Motion for Default Judgment (Doc. 35) filed by Joy Webster, Chapter 7 Trustee, Cross-claimant against Evans Fitness Club Express, LLC, Cross-Defendant and the Motion for Summary Judgment (Doc. 44) filed by Joy Webster,  Chapter 7 Trustee against  Plaintiff.  Plaintiff filed a Motion for Partial Summary Judgment (Doc. 75) against the Defendants

4.

**All discovery shall be completed prior to the filing of the consolidated pre-trial order. The date of the conclusion of the discovery process and the expected completion of any untranscribed deposition shall be stated.**

Plaintiff reserves the right to complete the continued deposition of Bill Smith at a time agreeable to all parties.

5.

**Whether the names of the parties in the above captioned case are complete and correct and whether there is any question of misjoinder or non-joinder.**

Plaintiff believes that the parties are complete and correct.  There is no question of misjoinder or non-joinder.

6.

**Outline of the Plaintiff's case. The Plaintiff shall furnish a <u>short</u>, <u>succinct</u>, factual, and narrative statement of his cause of action. This statement should not be argumentative and should not recite evidence, and in no event shall said statement be more than one page.**

Defendant Express purchased certain assets of Debtor pursuant to the Asset Purchase Agreement ("APA"). The Assets purchased are defined in the APA and, as argued by Plaintiff and Trustee, do not include any fixtures, trade fixtures, or anything else not owned by Debtor. Defendant Express did not purchase or come to hold any rights, duties or obligations of any lease between Plaintiff and Debtor. Plaintiff filed this action to enjoin Express from removing the fixtures and items not purchased through the APA and for damages stemming from the wrongful removal of the items. Even if it is found that trade fixtures could be removed from the premises pursuant to the APA, Defendant is nevertheless liable to Plaintiff for damages sustained by such removal.

**7.**

**Outline of the Defendant's case.**

8.

**State who has the burden of proof, including any affirmative defenses or special issues.**

Plaintiff has the burden of proof.

9.

**Under this paragraph, both the Plaintiff and Defendant should separately list the witnesses whom each <u>will</u> have present at the trial and those whom each <u>may</u> have present at the trial. A representation that a party <u>will</u> have a witness present may be relied on by**

5

**the opposing party unless notice to the contrary is given in sufficient time prior to trial to allow the opposing party to subpoena the witness or obtain his testimony. If a witness is not listed when the proposed pretrial order is filed, the Court will not allow the addition of a witness by any party, EXCEPT for providential or other good cause shown to the Court by application for amendment.**

Plaintiff will have Rich Simeone present. Plaintiff may also have Shawn Smith, Larry Hogue, a representative from Contractor's Choice Steambath & Sauna, Inc., a representative from Global Equipment Company, a representative from O'Brien Glass Inc., Mike Montarbo, and Bill Smith.

**10.**

**All documents and physical evidence that may be tendered at the trial shall be exhibited to and initialed by opposing parties <u>prior to pretrial conference date</u>. All evidence shall be marked by the parties prior to the pretrial conference. All evidence shall be marked by the parties prior to the pretrial conference, and each party shall furnish to the Court an exhibit list at the time of the pre-trial conference. Such evidence shall be identified as follows:**

> **(a) A list of documents and physical evidence submitted as joint exhibits.**
>
> **(b) Where separate lists are being submitted, a list of documents and physical evidence to be introduced by the Plaintiff. Copies of such exhibits must be provided to counsel for each other party no later than fourteen (14) days before the date of the pretrial conference. Objections and reasons therefore must be stated in writing and must be filed no later than seven (7) days before the date of the pre-trial conference. <u>Items not objected to will be admitted when tendered at trial.</u>**

**(c) Where separate lists are being submitted, a list of documents and physical evidence to be introduced by the Defendant. Copies of such exhibits must be provided to counsel for each other party no later than fourteen (14) days before the date of the pretrial conference. Objections and reasons therefore must be stated in writing and must be filed no later than seven (7) days before the date of the pre-trial conference. <u>Items not objected to will be admitted when tendered at trial.</u>**

**(d) Any document or other physical evidence listed by any party and not objected to, or to which objections have been overruled, may be received in evidence on offer by any other party in the event the listing party does not actually offer it into evidence.**

**(e) The foregoing shall not be deemed or construed to expand the rules relating to the admissibility of evidence generally.**

**(f) No case will be assigned for trial unless all parties have complied with this requirement.**

Plaintiff will mark exhibits and provide an exhibit list and file same prior to the time of the pretrial hearing.

## 11.

**List all witnesses whose testimony by deposition will or may be offered by each party and the specific deposition pages and lines to be offered. All objections by opposing parties to any portions of the deposition(s) shall be set forth with specific reference to the portion of the testimony objected to and the basis therefor.**

**(a) Prior to trial, counsel shall confer to eliminate all extraneous, redundant, and unnecessary matter; lapses in questioning or testimony; and colloquy between**

7

**counsel in the deposition excerpts. Counsel shall also attempt to resolve all objections to deposition testimony to be offered.**

**(b) The parties shall, if practicable, conform deposition exhibit numbers in trial questions and testimony to the numbers of trial exhibits.**

Plaintiff does not anticipate using any deposition testimony except for impeachment.

### 12.

**Each party shall separately provide a memorandum of authorities as to any questions of law likely to arise at the trial, including the merits of the Plaintiff's claim, defenses asserted, matters of evidence, etc.**

Plaintiff contends the following statutes and caselaw will support its arguments. Plaintiff reserves the right to supplement this list.

11 U.S.C. Section 554

*Lafarge Bldg. Materials, Inc. v. Thompson*, , 763 S.E.2d 444 (Ga. 2014)

*Mobile Discount Corp. v. Apache Trailer Sales, Inc.*, 593 P.2d 695, 122 Ariz. 141 (Ariz. App. 1979)

*Buhl v. Sandy Springs Medical Center*, 147 Ga.App. 176 (1978)

*Lay Bros., Inc. v. Golden Pantry Food*, 273 Ga. App. 870 (2005)

*Chouinard v. Leah Enterprises, Inc.,* 205 Ga.App. 206 (Ga. App. 1992)

### 13.

Plaintiff's counsel estimates three (3 hours) to present Plaintiff's case.

### 14.

**State whether there has been any offer of settlement and whether the attorneys desire to confer with the Court on the matter of settlement.**

Plaintiff would welcome a settlement conference before the Court.

**15.**

**Any other matters which should be covered by pre-trial order, including rulings desired of the Court prior to trial.**

Plaintiff requests the Court that it grant Plaintiff's motion for partial summary judgment and deny Trustee's motion for summary judgment.

**16.**

**State whether or not the issues of liability and damages should be tried separately (bifurcated) and give any other suggestion toward shortening the trial. Where bifurcation is opposed by any party, such party shall state the reasons for such opposition.**

None.

**17.**

**The parties shall each file three (3) copies of their proposed findings of fact, summary of depositions, and conclusions of law not later than seven (7) days prior to the assigned trial date.**

Plaintiff agrees to this rule.

**18.**

**Each party shall identify its attorney(s) who will participate in the trial and shall designate lead trial counsel.**

<u>For Plaintiff</u>

Nathan E. Huff
228 Baston Rd
Augusta, GA 30907
(706) 922-3104

**19.**

**The final proposed pretrial order shall be signed by counsel for each party and shall contain a final paragraph, as follows:**

> "IT IS HEREBY ORDERED that the foregoing constitutes a PRETRIAL ORDER in the above case, that it supersedes the pleadings which are hereby amended to conform hereto, and that this PRETRIAL ORDER shall not be amended except by ORDER OF THIS COURT."

This _____ Day _____ of _____.


_____
Judge Susan D. Barrett
Chief United States Bankruptcy Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

This 4th day of December, 2017.              /s/ Nathan E. Huff
                                              Nathan E. Huff