UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 14-12297 SDB |
| | ) | |
| SCIENCE FITNESS, LLC | ) | |
| | ) | |
|     DEBTOR | ) | CHAPTER 7 |
| | ) | |
| EVANS PLAZA PARTNERS, LLC | ) | |
| | ) | |
|     PLAINTIFF | ) | ADVERSARY PROCEEDING |
| | ) | NO. 16-1035 SDB |
| VS. | ) | |
| | ) | |
| JOY WEBSTER, CHAPTER 7 TRUSTEE and EVANS FITNESS CLUB EXPRESS, LLC | ) | |
| | ) | |
|     DEFENDANTS | ) | |
| | ) | |
| JOY WEBSTER, CHAPTER 7 TRUSTEE | ) | |
| | ) | |
|     CROSS-CLAIMANT | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| EVANS FITNESS CLUB EXPRESS, LLC | ) | |
| | ) | |
|     CROSS-DEFENDANT | ) | |

**PLAINTIFF AND TRUSTEE'S CONSOLIDATED PRETRIAL ORDER**

**1.**

In all cases, counsel are instructed to confer and prepare a consolidated proposed pre-trial order. <u>Counsel are to discuss and agree on every stipulation possible</u>. The stipulations must be reduced to writing, signed, and filed with the consolidated proposed pre-trial order as ATTACHMENT A. Stipulations can spare witness testimony, trial time, and expense. A party who believes that the other side is in bad faith refusing to stipulate

1

**shall set forth "Proposed Stipulations" on ATTACHMENT A. Costs of proving at trial what was never really disputed and what should have been stipulated may be taxed against the offending party and attorney. Those costs may include witness fees and attorney's fees for additional preparation time.**

Please see ATTACHMENT A.

2.

**The basis of this Court's jurisdiction and any question relating to its jurisdiction.**

The Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1334. This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A) and (B).

3.

**Any motions or other matters in the case which have not been previously decided. Any motion not enumerated shall be deemed to be abandoned and withdrawn by the moving party.**

There are two pending motions filed by the Defendant/Cross-Claimant; the Motion for Default Judgment (Doc. 35) filed by Joy Webster, Chapter 7 Trustee, Cross-claimant against Evans Fitness Club Express, LLC, Cross-Defendant and the Motion for Summary Judgment (Doc. 44) filed by Joy Webster, Chapter 7 Trustee against the Plaintiff. The Plaintiff filed a Motion for Partial Summary Judgment (Doc. 75) against the Defendants

4.

**All discovery shall be completed prior to the filing of the consolidated pre-trial order. The date of the conclusion of the discovery process and the expected completion of any untranscribed deposition shall be stated.**

The Trustee agrees there is no outstanding discovery.

Plaintiff believes there is outstanding discovery. Plaintiff reserves the right to complete the continued deposition of Bill Smith at a time agreeable to all parties.

**5.**

**Whether the names of the parties in the above captioned case are complete and correct and whether there is any question of misjoinder or non-joinder.**

The parties believe that the parties are complete and correct. There is no question of misjoinder or non-joinder.

6.

**Outline of the Plaintiff's case. The Plaintiff shall furnish a <u>short</u>, <u>succinct</u>, factual, and narrative statement of his cause of action. This statement should not be argumentative and should not recite evidence, and in no event shall said statement be more than one page.**

a. Prior to this action, Plaintiff expressed its concerns about possible damage done to property owned by Plaintiff leased by Debtor. Plaintiff filed this matter to enjoin Defendants from removing property not purchased by Defendant Express under the Asset Purchase Agreement at issue herein and for damages resulting in any improper removal.

b. Trustee had a duty to return Plaintiff's property in a condition that complied with the applicable lease provisions. Trustee has a duty to pay for any repair necessitated by the removal of trade fixtures. Trustee failed to monitor or otherwise control the removal of fixtures and other items from Plaintiff's property and surrendered the property to Plaintiff that was significantly damaged. Trustee and Plaintiff agree that the Disputed Items were not sold to Express and were wrongly removed from the premises. In the event that the Court finds that the Trustee sold the Disputed Items to Express, Trustee should be liable to Plaintiff for selling property not belonging to the Estate.

    c.      Trustee is liable to Plaintiff for breach of lease and her duty to properly monitor Defendant Express.

**7.**

**Outline of the Defendant's case.**

**(a) The Defendant shall furnish a <u>short</u>, <u>succinct</u>, factual, and narrative statement as to all defenses (general and special). This statement should not be argumentative and should not recite evidence, and in no event shall said statement be more than one page.**

a. The Trustee contends the Plaintiff's claims are moot as to the Trustee. The Plaintiff never filed a complaint in this adversary proceeding, only a motion requesting an injunction to stop the removal of various fixtures ("Disputed Items") and for the return of the Disputed Items to the premises. The Court later entered three orders addressing the disposition of the Disputed Items.

b. The Trustee is not liable in her official or personal capacity to the Plaintiff because she was acting in furtherance of this Court's order granting her motion to sell.

c. To the extent the Trustee is liable to the Plaintiff, the Plaintiff's damages are limited to a non-priority unsecured claim in the bankruptcy case with an amount to be proven via the claims allowance process.

**(b) In all actions involving a counterclaim, crossclaim, or third-party action, the Defendant should summarize the matter, using the above outline required of the Plaintiff.**

To the extent the Trustee or the estate is liable to the Plaintiff, the Cross-Defendant shall indemnify and hold the Trustee harmless from any and all losses, deficiencies, penalties, fines, costs,

4

damages and expenses, including attorney's fees related to this adversary proceeding pursuant to the asset purchase agreement entered into between the Trustee and Cross-Defendant.

8.

**State who has the burden of proof, including any affirmative defenses or special issues.**

The parties agree that the Plaintiff has the burden of proof. The parties agree that the Trustee has the burden of showing she is entitled to qualified immunity.

9.

**Under this paragraph, both the Plaintiff and Defendant should separately list the witnesses whom each will have present at the trial and those whom each may have present at the trial. A representation that a party will have a witness present may be relied on by the opposing party unless notice to the contrary is given in sufficient time prior to trial to allow the opposing party to subpoena the witness or obtain his testimony. If a witness is not listed when the proposed pretrial order is filed, the Court will not allow the addition of a witness by any party, EXCEPT for providential or other good cause shown to the Court by application for amendment.**

Plaintiff will have Rich Simeone present. Plaintiff may also have Shawn Smith, Larry Hogue, a representative from Contractor's Choice Steambatch & Sauna, Inc., a representative from Global Equipment Company, a representative from O'Brien Glass Inc., Mike Montarbo, and Bill Smith.

The Trustee will have herself present. The Trustee may also have Mike Montarbo, Jim Davis and Wells Whited present.

10.

**All documents and physical evidence that may be tendered at the trial shall be exhibited to and initialed by opposing parties <u>prior to pretrial conference date</u>. All evidence shall be marked by the parties prior to the pretrial conference. All evidence shall be marked by the parties prior to the pretrial conference, and each party shall furnish to the Court an exhibit list at the time of the pre-trial conference. Such evidence shall be identified as follows:**

    **(a) A list of documents and physical evidence submitted as joint exhibits.**

    **(b) Where separate lists are being submitted, a list of documents and physical evidence to be introduced by the Plaintiff. Copies of such exhibits must be provided to counsel for each other party no later than fourteen (14) days before the date of the pretrial conference. Objections and reasons therefore must be stated in writing and must be filed no later than seven (7) days before the date of the pre-trial conference. <u>Items not objected to will be admitted when tendered at trial.</u>**

    **(c) Where separate lists are being submitted, a list of documents and physical evidence to be introduced by the Defendant. Copies of such exhibits must be provided to counsel for each other party no later than fourteen (14) days before the date of the pretrial conference. Objections and reasons therefore must be stated in writing and must be filed no later than seven (7) days before the date of the pre-trial conference. <u>Items not objected to will be admitted when tendered at trial.</u>**

    **(d) Any document or other physical evidence listed by any party and not objected to, or to which objections have been overruled, may be received in evidence on offer by any other party in the event the listing party does not actually offer it into evidence.**

**(e) The foregoing shall not be deemed or construed to expand the rules relating to the admissibility of evidence generally.**

**(f) No case will be assigned for trial unless all parties have complied with this requirement.**

Plaintiff will mark exhibits and provide an exhibit list and file same prior to the time of the pretrial hearing.

The Trustee will mark exhibits and provide an exhibit list and file same prior to the time of the pretrial hearing.

**11.**

**List all witnesses whose testimony by deposition will or may be offered by each party and the specific deposition pages and lines to be offered. All objections by opposing parties to any portions of the deposition(s) shall be set forth with specific reference to the portion of the testimony objected to and the basis therefor.**

**(a) Prior to trial, counsel shall confer to eliminate all extraneous, redundant, and unnecessary matter; lapses in questioning or testimony; and colloquy between counsel in the deposition excerpts. Counsel shall also attempt to resolve all objections to deposition testimony to be offered.**

**(b) The parties shall, if practicable, conform deposition exhibit numbers in trial questions and testimony to the numbers of trial exhibits.**

The parties do not anticipate using any deposition testimony except for impeachment.

**12.**

7

**Each party shall separately provide a memorandum of authorities as to any questions of law likely to arise at the trial, including the merits of the Plaintiff's claim, defenses asserted, matters of evidence, etc.**

Plaintiff contends the following statutes and caselaw will support its arguments. Plaintiff reserves the right to supplement this list.

Fed. R. Civ. P. 8

11 U.S.C. § 323

11 U.S.C. § 365

11 U.S.C. § 704

*In re Engman*, 395 B.R. 610 (Bankr. W.D. Mich. 2008)

*Pergament v. Varela*, 530 B.R. 573 (Bankr. E.D.N.Y. 2015)

*Sherr v. Winkler*, 522 F.2d 1367 (10th Cir. 1977)

*Red Carpet Corp. of Panama City Beach v. Miller*, 708 F.2d 1576 (11th Cir. 1983)

*Gonzalez v. Crosby*, 125 S.Ct. 2641, 545 U.S. 524 (2005)

The Trustee contends the following statutes and caselaw will support her arguments. She also reserves the right to supplement this list.

11 U.S.C. § 363

11 U.S.C. § 365(d)(4)

11 U.S.C. § 365(g)(1)

11 U.S.C. § 502(g)

 Fed.R.Bankr.P. 7055(b)(2)

*Dupree v. Palmer*, 284 F. 3d 1234, 1236 (11th Cir. 2002)

*In re Concrete Products, Inc.*, 1992 Bankr. Lexis 2627 (Bankr. S.D. Ga 1992)

*In re Wisper, LLC*, 2015 Bankr. Lexis 2505 (Bankr. W.D. Tenn. 2015)

8

*In re Upper Crust, LLC*, 502 B.R. 1 (Bankr. D. Mass. 2013)

*In re Print Harmony, LLC*, 567 B.R. 632 (Bankr. M.D. Fla. 2017)

*In re Filene's Basement, LLC*, 2015 Bankr. Lexis 1350 (Bankr. D. Del. 2015)

**13.**

Plaintiff's counsel estimates three (3 hours) to present Plaintiff's case; Trustee's counsel estimates <u>two</u> (2 hours) to present the defense.

**14.**

**State whether there has been any offer of settlement and whether the attorneys desire to confer with the Court on the matter of settlement.**

Plaintiff would welcome a settlement conference before the Court.

The Trustee would welcome a settlement conference before the Court and has requested the Plaintiff to settle this matter.

**15.**

**Any other matters which should be covered by pre-trial order, including rulings desired of the Court prior to trial.**

Due to the inadequate notice provided by the Plaintiff since it never filed a complaint, the Trustee's answer should be considered amended to allow her to assert an affirmative defense of qualified immunity. The Trustee requests that the Court grant her motion for summary judgment and motion for default judgment and deny the Plaintiff's motion for partial summary judgment.

Plaintiff requests the Court that it grant Plaintiff's motion for partial summary judgment and deny Trustee's motion for summary judgment.

**16.**

**State whether or not the issues of liability and damages should be tried separately (bifurcated) and give any other suggestion toward shortening the trial. Where bifurcation is opposed by any party, such party shall state the reasons for such opposition.**

The Trustee contends that to the extent the estate is liable to the Plaintiff, the damages portion should be handled via the claims allowance process such that the Plaintiff should file an amended proof of claim.  The Trustee requests that the Court rule on her motion for default judgment against the Cross-Defendant with a hearing on damages to be held at a later date.

Plaintiff does not believe the trial needs to be bifurcated.

**17.**

**The parties shall each file three (3) copies of their proposed findings of fact, summary of depositions, and conclusions of law not later than seven (7) days prior to the assigned trial date.**

The parties agree to this rule.

**18.**

**Each party shall identify its attorney(s) who will participate in the trial and shall designate lead trial counsel.**

For Trustee

Robert M. Matson
P.O. Box 1773
Macon, GA  31202
(478) 742-1889

For Plaintiff

Nathan E. Huff
228 Baston Rd
Augusta, GA 30907
(706) 922-3104

**19.**

**The final proposed pretrial order shall be signed by counsel for each party and shall contain a final paragraph, as follows:**

> "IT IS HEREBY ORDERED that the foregoing
> constitutes a PRETRIAL ORDER in the above case,
> that it supersedes the pleadings which are
> hereby amended to conform hereto, and that this
> PRETRIAL ORDER shall not be amended except by
> ORDER OF THIS COURT."

This _____ Day _____ of _____.


_____
Judge Susan D. Barrett
Chief United States Bankruptcy Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

This 4th day of December, 2017.    /s/ Nathan E. Huff
                                   Nathan E. Huff