**FILED**
**Lucinda B. Rauback, Clerk**
**United States Bankruptcy Court**
**Augusta, Georgia**
*By jpayton at 3:50 pm, Feb 05, 2018*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 Case |
| | ) | Number <u>14-12297</u> |
| SCIENCE FITNESS, LLC, | ) | |
| | ) | |
| Debtor | ) | |
| ———————————————— | ) | |
| | ) | |
| EVANS PLAZA PARTNERS, LLC | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding |
| | ) | Number <u>16-01035</u> |
| JOY R. WEBSTER, TRUSTEE | ) | |
| EVANS FITNESS CLUB EXPRESS, LLC, | ) | |
| | ) | |
| Defendants | ) | |
| ———————————————— | ) | |

## OPINION AND ORDER

This order addresses cross motions for summary judgment. First, Joy R. Webster, the chapter 7 trustee ("Trustee") seeks a determination that the relief requested by Evans Plaza Partners, LLC ("Landlord") against her is moot. Next, Landlord seeks partial summary judgment against the Trustee, in her representative

capacity, for breach of the lease agreement (the "Lease").  Finally, Landlord seeks partial summary judgment against Evans Fitness Club Express, LLC ("Express") for the removal of certain property from the premises ("Disputed Items").  This adversary proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A), (N) and (O) and the Court has jurisdiction under 28 U.S.C. §1334.  For the following reasons, the Trustee's motion for summary judgment is granted; and the Landlord's motion for partial summary judgment is denied.

## UNDISPUTED FACTS

Prior to filing for bankruptcy, Science Fitness, LLC ("Debtor") operated an exercise studio pursuant to the Lease.  As part of the chapter 7 bankruptcy proceedings, the Trustee sought "to sell substantially all" of Debtor's assets including "[a]ll accounts, contract rights, membership agreements, personal training contracts, contracts and all accounts receivable, furniture, furnishings, equipment, inventory, intellectual property required for the operation of the Debtor's business, goods held for sale, supplies and other materials used or consumed in the Debtor's business."  Dckt. No. 45, Exs. T-1 and T-2.

Debtor and Express were business competitors, each operating exercise studios in close proximity.  With Debtor's financial demise the Landlord planned to rent the space to another

2

exercise studio. Initially, the Trustee sought to sell the assets to GG Evans, LLC for $312,000.00. Dckt. No. 45, Ex. T-1, p. 2. Express objected to the sale stating it would pay more. The Court denied the Trustee's initial motion, allowing for a competitive bidding process. During the bid proceedings, Landlord's manager, Mr. Simeone, expressed concern that Express would cause damage to the leased premises in an effort to "shutter the business." Ultimately, Express was the successful bidder agreeing to pay $405,900.00 for the assets.

In connection with the sale, the Trustee and Express executed the Asset Purchase Agreement ("APA") which defines "Acquired Assets" as Debtor's right, title, and interest in the following:

> all accounts, contract rights, membership agreements, personal training contracts, contracts and all accounts receivable through ABC Financial and ClubReady, furniture, furnishings, equipment, inventory, intellectual property required for the operation of the Debtor's business, goods held for sale, supplies and other materials used or consumed in the Debtor's business. A copy of the equipment list is attached and incorporated into this Agreement.

Dckt. No. 45, Ex. T-6, p.2. The exhibit to the APA entitled "Equipment List 2016" lists various exercise equipment such as treadmills, ellipticals, weights, bikes, and includes some furniture

3

under subheadings "office," "conference room," "kids klub," and "lobby area." Dckt. No. 45, Ex. T-6, p. 14-18, Ex. A. These furnishings include desks, tables, chairs, cabinets, computers printers, a refrigerator, and microwaves. Id. "Excluded Assets" not included in the sale are defined as:

> (a) Any asset of the Debtor not defined in Acquired Assets; (b) Corporate record book and corporate seal; (c) Securities; (d) Any claim, right or cause of action of the Debtor or the Trustee that can be brought against third parties pursuant to the Bankruptcy Code; (e) Any claim right or cause of action of the Debtor or the Trustee that can be asserted by the Trustee that is related to the Bankruptcy Case; (f) All of the Debtor's tax attributes and all tax refunds to which the Debtor may be entitled with respect to any period of the Debtor's operations through the Closing Date; and (g) Debtor in Possession bank accounts.

Id.

After the sale was approved, Express began removing assets from the premises. The Landlord immediately informed the Trustee that Express was improperly removing fixtures from the premises -- mirrors glued to the walls and lockers drilled into the walls. Dckt. No. 45, Ex. T-4. In response, the Trustee notified Express the mirrors and lockers were not included in the sale and their removal was not authorized by the APA. Id. Thereafter, the Landlord notified the Trustee that Express continued to improperly remove mirrors from the premises and that Express also was going to

4

improperly remove lockers affixed to the walls. Id. The Trustee again notified Express the mirrors, lockers, fixtures and television mounts were not included in the assets conveyed under the APA and should not be removed from the premises. Id.

The Trustee also filed an adversary proceeding against Express seeking: a declaratory judgment that certain items be declared as not included in the sale; and such items be returned or replaced to the Landlord's satisfaction; and for the Court to enjoin Express from removing such items. Webster v. Express, Ch. 7 Case No. 14-12297, Adv. Proceeding No. 16-01034, Dckt. No. 1 (Bankr. S.D. Ga. Sept. 29, 2016). On the same day that the Trustee filed her adversary proceeding, the Court granted the Trustee's motion for a temporary restraining order stopping Express's removal of additional personalty from the premises. Webster v. Express, Ch. 7 Case No. 14-12297, Adv. Proceeding No. 16-01034, Dckt. No. 6 (Bankr. S.D. Ga. Sept. 29, 2016). Also, on the same day, Landlord filed this adversary proceeding against the Trustee and Express requesting the Court to grant the following:

> A. Restrain and enjoin the above Defendants, their agents or assignees from proceeding with any removal of fixtures or any other damage to Landlord's property;
>
> B. The return of all fixtures unlawfully removed from the Lease Premises, including without limitation all mirrors, wall mounts,

5

and lockers, to their original state before
extraction;

C.    Immediate identification of assets and
return to the Leased Premises by Express, its
officers, owners, and directors;

D.    Identification of the location of all
equipment and property removed from the Leased
Premises and an injunction against their sale
or disposal until such time as Landlord is made
whole from the damage caused to its premises;

E.   Attorney's fees and associated costs; and

F.   Grant such other and further relief as is
just and proper.

Dckt. No. 1.

After hearing and consideration, the Court entered orders:
enjoining Express from removing additional personalty; requiring the
parties to specify the items in dispute; and requiring the storage
of the items in question pending resolution. Dckt. Nos. 10 and 15.
Express and the Landlord filed separate listings of "Disputed
Items." Dckt. Nos. 19 and 20. Express lists the Disputed Items as:
hot water heaters; lockers; mirrors; television mounts; sauna
equipment; and mats not explicitly listed on exhibit "A" of the APA.
Dckt. No. 19.    Landlord lists the Disputed Items as: lockers;
mirrors; T.V. stands; mats (Type I and Type II); 2 motors that power
the steam rooms; 2 engines located in the saunas; saunas; water
fountain in Men's bathroom; items improperly removed from Juice Bar

6

Room: 2 refrigerators; a cooler; 2 sinks; and a dishwasher. Dckt. No. 20.

Express contends all the Disputed Items were assets it acquired under the APA and argues Landlord's summary judgment motion should be denied because there is a dispute of material fact as to whether the Disputed Items are fixtures. Furthermore, even if they are fixtures, Express argues they are trade fixtures easily removable and were included in the assets Express acquired. Express submitted the affidavit of Mr. Montarbo stating the mirrors and lockers were assembled and mounted to be easily detachable. Aff. of Montarbo, Dckt. No. 81. Mr. Montarbo states it takes approximately a minute to a minute and a half to remove a wall mirror. <u>Id.</u> He further avers Express restored the interior walls in as good or better condition as required by the Lease. <u>Id.</u>

Conversely, Landlord contends the Disputed Items were not included in the assets acquired by Express. Furthermore, contrary to Express's contention, Landlord states the premises were damaged by Express's actions. Dckt. No. 73, Statement of Material Facts.

Landlord cites provisions from the Lease concerning fixtures, improvements and removal. The Lease states:

> Except for signs, merchandise counters or <u>other easily removable similar trade fixtures installed by Tenant at Tenant's expense, all alterations, decorations, additions and</u>

7

improvements made by Tenant to the Leased
Premises and including all heating and air-
conditioning units, equipment and apparatus at
the Leased Premises and other fixtures such as
ceiling tiles and grids, lighting fixtures,
electric panel boxes, plumbing, boilers, floor
and wall coverings, alarm systems, lights,
toilet fixtures, partitions, doors, and
utilities shall be deemed attached to the
freehold and be Landlord's property.

Dckt. No. 75, ¶8(B), Ex. "A" to Statement of Material Facts
(emphasis added). The Lease further states in pertinent part:

**Surrender**. At the expiration or sooner
termination of the tenancy hereby created,
Tenant shall peaceably leave and surrender the
Leased Premises in broom-clean condition and
the same condition as the Leased Premises were
in upon delivery of possession thereof to
Tenant, reasonable wear and tear excepted, . .
. . Prior to the expiration or sooner
termination of this Lease, Tenant shall remove
any and all trade fixtures, equipment, signage
and other unattached items which Tenant may
have installed, stored or left in the Leased
Premises, or elsewhere in the Shopping Center
and Tenant shall repair any damage caused by
such removal. Notwithstanding the foregoing,
Tenant shall not remove any plumbing or
electrical fixtures or equipment, heating or
air conditioning equipment, floor coverings
(including but not limited to wall-to-wall
carpeting), walls or ceilings, all of which
shall be deemed to constitute a part of the
freehold and/or leasehold interest of Landlord,
nor shall Tenant remove any fixtures or
machinery that were furnished or paid for by
Landlord (whether initially installed or
replaced). If Tenant shall fail to remove its
trade fixtures or other property as provided in
this Article 20(A), such fixtures and other
property not removed by Tenant shall be deemed
abandoned by Tenant and at the option of the

> Landlord shall become the property of Landlord, or at Landlord's option may be removed by Landlord at Tenant's expense, or placed in storage at Tenant's expense, or sold or otherwise disposed of, in which event the proceeds of such sale or other disposition shall belong to Landlord.  In the event Tenant does not remove signage or make the repairs as required by this Article 20A, Tenant shall be liable for and agrees to pay Landlord's costs and expenses in removing such signage and making such repairs (which sum may be deducted from the Security Deposit).   Tenant's obligations and covenants under this Article 20A shall survive the expiration or termination of this Lease.

Dckt. No. 75.

The Trustee did not assume the Lease during the chapter 7 proceedings; and avers the Lease was not assumed by the Debtor prior to the Trustee's appointment.  Dckt. No. 82, T-8.  Nevertheless, from date of the Trustee's appointment through the sale, the Trustee was operating the business, and had obtained an extension of time to assume or reject the Lease.  In re Science Fitness, LLC., Chapter 7 Case No. 14-12297, Dckt. Nos. 307 and 308 (Bankr. S.D. Ga. Sept. 9, 2016).

## CONCLUSIONS OF LAW

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled

9

to a judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>see also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." <u>Celotex</u>, 477 U.S. at 323 (internal quotations omitted). Once the moving party has properly supported its motion with such evidence, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>First Nat'l Bank of Arizona v. Cities Servs. Co.</u>, 391 U.S. 253, 288-89 (1968); Fed. R. Civ. P. 56(e). "In determining whether the movant has met its burden, the reviewing court must examine the evidence in a light most favorable to the opponent of the motion. All reasonable doubts and inferences should be resolved in favor of the opponent." <u>Amey, Inc. v. Gulf Abstract &</u> <u>Title, Inc.</u>, 758 F.2d 1486, 1502 (11th Cir. 1985) (citations omitted).

AO 72A
(Rev. 8/82)

**Trustee's Motion for Summary Judgment**.

The Trustee argues she is entitled to judgment as a matter of law with respect to the Landlord's claims.  First, she contends the relief requested is moot as to the Trustee.  Second, the Trustee contends the Landlord's argument to hold her personal liable expands the relief requested in its complaint.  Lastly, the Trustee argues she is entitled to qualified immunity because her actions were performed within the scope of her chapter 7 trustee duties and pursuant to court order.

Landlord's complaint seeks the following relief:

A.   Restrain and enjoin the above Defendants, their agents or assignees from proceeding with any removal of fixtures or any other damage to Landlord's property;

B.   The return of all fixtures unlawfully removed from the Lease Premises, including without limitation all mirrors, wall mounts, and lockers, to their original state before extraction;

C.   Immediate identification of assets and return to the Leased Premises by Express, its officers, owners, and directors;

D.   Identification of the location of all equipment and property removed from the Leased Premises and an injunction against their sale or disposal until such time as Landlord is made whole from the damage caused to its premises.

Dckt. No. 1.

11

**Mootness**.

Mootness occurs when the issues are no longer "live," or when the parties lack a legally cognizable interest in the outcome. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). A change in facts that ends the controversy renders the case moot. Am. Gen. Life and Acc. Ins. Co. v. Smith, 4 F. Supp. 2d 1342, 1348 (M.D. Ala. 1998).

In this case, the Court's prior orders have mooted the Landlord's requested relief as to the Trustee. Item A of the Landlord's complaint requests an injunction against Express and the Trustee from Express's removal of the Disputed Items. An order granting the injunction has been entered. Dckt. No. 10. As a result, the request for the injunction is no longer a "live" dispute.

Item B of the complaint demands the Disputed Items be returned to the Landlord's premises, back in their original condition. The same order allowed Express to "facilitate any repairs to the leased premises, and to return any property to the leased premises." Dckt. No. 10. Express has returned the items to the premises for storage pending the Court's determination. The Landlord claims the premises sustained unrepaired damages.[1]

---

[1]   Express disputes the claims.

12

Express, not the Trustee, removed the items and caused the purported damage to the premises.  As a result, this request is moot as to the Trustee.

The Landlord's items C and D seek identification of assets and return of items until the Court determines ownership and damages, if appropriate.  Previously, the Court entered an order requiring Express and Landlord to identify the Disputed Items and requiring the storage of these items pending ruling. Dckt. No. 15. While their lists are not identical, Express and the Landlord each have identified the Disputed Items and agreed to the location and storage of the items.  As a result, the Landlord's items C and D requests are moot as to the Trustee.

### Trustee's personal liability.

Landlord's brief asserts item D's request for an injunction against the sale or disposal of the Disputed Items until the Landlord is **"made whole from the damage caused to its premises"** is sufficient to hold the Trustee personally liable for damages. Dckt. No. 1.   Conversely, the Trustee argues the Landlord's complaint does not assert a personal liability claim against her and cannot be raised for the first time in its brief.  The Court agrees. The complaint does not assert a claim against the Trustee for personal liability, therefore the Trustee is entitled to summary

13

AO 72A
(Rev. 8/82)

judgment on this allegation.  Furthermore, for the reasons set forth below, as a matter of law, the Trustee is not personally liable for such claims.

**Landlord's Motion for Partial Summary Judgment Regarding the Condition of the Premises as the Trustee**.

Landlord also seeks partial summary judgment against the Trustee in her representative capacity for failing to return the premises in "broom-clean" condition to Landlord as required under the Lease.  See Lease, §20A, Dckt. No. 75.  Landlord claims the premises were not returned broom clean and the Trustee's failure to adequately supervise Express's removal of items allowed Express to damage the premises and required the Landlord to expend money to restore the premises.  Conversely, the Trustee argues she cannot be held liable for her actions taken in furtherance of the Court's order authorizing the sale of assets and there is no evidence she willfully and intentionally violated her fiduciary duties.[2]

Landlord is not entitled to partial summary judgment regarding the breach of the Lease.  In this case, the Trustee was carrying out a sale of assets pursuant to this Court's order and used her discretion on whether to be present at the removal of the

---

[2] Notwithstanding the foregoing, the Trustee does not contend that this summary judgment motion affects the Landlord's right to attempt to assert a pre-petition claim due to purported rejection of the Lease.  See 11 U.S.C. §502(g).

14

assets.  The Landlord's manager, Mr. Simeone testified during the hearing on the motion to sell that he thought Express might damage the premises and take items that do not belong to it.  Mr. Simeone also sent emails to the Trustee asking that a personal representative for the Trustee be present during the asset removal. The Landlord asserts the Trustee failed to supervise the removal more closely which caused damage and therefore the Trustee is liable for breaching the Lease.

When a bankruptcy trustee is acting under the authority of a bankruptcy order, the trustee enjoys derived immunity.  _In re Concrete Prods., Inc._, 1992 WL 12001764, at *19 (Bankr. S.D. Ga. Feb. 7, 1992).

> As to matters not protected by court approval, a bankruptcy trustee may be liable for wrongful conduct or negligence and his fee may be surcharged.  As to the attorney, his fee may be reduced or denied for poor quality work, but the court cannot make an affirmative award of damages.  Other courts have held that personal liability can be imposed for negligent acts by a trustee, at least where discretionary judgments are not involved. Uniformly, courts have held that bankruptcy trustees are subject to personal liability for willful and deliberate violations of their fiduciary duties.

_Id._ (internal citations omitted); _see also_ _In re Cruz_, 562 B.R. 812, 818 (Bankr. M.D. Fla. 2016)(holding that a trustee is only liable if the trustee's actions rise to the level of willful and deliberate

15

conduct or gross negligence); <u>In re Solar Fin. Servs., Inc.</u>, 255 B.R. 801, 804 (Bankr. S.D. Fla. 2000)("A trustee is not liable in any manner for mistakes in judgment where discretion is allowed.").

The Trustee avers that as soon as she learned Express was removing the Disputed Items, she promptly contacted Express's attorney informing him the Disputed Items should not be removed and when the removal continued, she filed an adversary proceeding seeking an injunction to stop the removal which was granted the same day. The Trustee in her discretion did not think it was necessary to be on the premises during Express's removal of the assets. Examining the evidence in a light most favorable to the Trustee and resolving all reasonable doubts and inferences in her favor, the Court concludes the Landlord is not entitled to judgment as a matter of law.

**Landlord's Motion for Partial Summary Judgment as to Express.**

Landlord seeks partial summary judgment against Express for the purported wrongful removal of the "Disputed Items" and the damage caused thereby. Landlord argues the removed items were fixtures and not included in the "Acquired Assets."[3] Conversely, Express argues there is a dispute of material fact as to whether the Disputed Items were included in assets to be conveyed, and disputes

---

[3] The Trustee also contends the items were not included in the Acquired Assets. Dckt. No. 46, p. 3.

16

the premises were damaged.

At this time, summary judgment is not appropriate. As this Court has previously held, the APA is not unambiguous as to whether the Disputed Items were included in the assets sold. Webster v. Express, Ch. 7 Case No. 14-12297, Adv. Proceeding No. 16-01034 (Bankr. S.D. Ga. Sept. 28, 2017). Pursuant to the APA, the Trustee intended to sell "substantially all" of Debtor's interest in the business including "all accounts, contract rights, membership agreements, personal training contracts, contracts and all accounts receivable through ABC Financial and ClubReady, furniture, furnishings, equipment, inventory, intellectual property required for the operation of the Debtor's business, goods held for sale, supplies and other materials used or consumed in the Debtor's business. A copy of the equipment list is attached and incorporated into this Agreement." Definition of Acquired Assets, APA, Dckt No. 45. As this Court previously stated: "At the summary judgment stage where all reasonable doubts and inferences are resolved in Express's favor, it is unclear whether the Debtor had an ownership interest in these items." Webster v. Express, Ch. 7 Case No. 14-12297, Adv. Proceeding No. 16-01034, Dckt. No. 78 (Bankr. S.D. Ga. Sept. 28, 2017). Resolving all reasonable doubts and inferences in favor of Express, this Court previously denied the Trustee's summary judgment motion

17

finding there was a question of material fact whether some of the Disputed Items may have been included in the Acquired Assets. <u>Id.</u> This Court found that the APA's language does not provide that all the acquired personalty is exclusively listed on the Equipment List attached to the APA and Mr. Montarbo averred some items not listed on the Equipment List were removed without objection. <u>Id.</u> The Court also concluded that "it is unclear whether Debtor had an interest in the Disputed Items at the time of the sale or whether the items belonged to the Landlord." <u>Id.</u> at p. 12-13.

While neither the Trustee nor Debtor assumed the Lease, at the time of the sale, the Trustee had been granted authority to operate the business, subject to the Lease. Both the Landlord and Express point to the Lease as evidence of ownership and obligations. The language of the Lease in section 8(B) states:

> Except for signs, merchandise counters or <u>other easily removable similar trade fixtures installed by Tenant at Tenant's expense</u>, all alterations, decorations, additions and improvements made by Tenant to the Leased Premises and including all heating and air-conditioning units, equipment and apparatus at the Leased Premises and other fixtures such as ceiling tiles and grids, lighting fixtures, electric panel boxes, plumbing, boilers, floor and wall coverings, alarm systems, lights, toilet fixtures, partitions, doors, and utilities shall be deemed attached to the freehold and be Landlord's property.

Dckt. No. 75, Ex. "A" to Statement of Material Facts (emphasis

18

added).   The Lease further states in pertinent part:

> **Surrender**.   At the expiration or sooner
> termination of the tenancy hereby created,
> Tenant shall peaceably leave and surrender the
> Leased Premises in broom-clean condition and
> the same condition as the Leased Premises were
> in upon delivery of possession thereof to
> Tenant, reasonable wear and tear excepted, . .
> .   .   Prior to the expiration or sooner
> termination of this Lease, Tenant shall remove
> any and all trade fixtures, equipment, signage
> and other unattached items which Tenant may
> have installed, stored or left in the Leased
> Premises, or elsewhere in the Shopping Center
> and Tenant shall repair any damage caused by
> such removal.   Notwithstanding the foregoing,
> Tenant shall not remove any plumbing or
> electrical fixtures or equipment, heating or
> air conditioning equipment, floor coverings
> (including but not limited to wall-to-wall
> carpeting), walls or ceilings, all of which
> shall be deemed to constitute a part of the
> freehold and/or leasehold interest of Landlord,
> nor shall Tenant remove any fixtures or
> machinery that were furnished or paid for by
> Landlord (whether initially installed or
> replaced).   If Tenant shall fail to remove its
> trade fixtures or other property as provided in
> this Article 20(A), such fixtures and other
> property not removed by Tenant shall be deemed
> abandoned by Tenant and at the option of the
> Landlord shall become the property of Landlord,
> or at Landlord's option may be removed by
> Landlord at Tenant's expense, or placed in
> storage at Tenant's expense, or sold or
> otherwise disposed of, in which event the
> proceeds of such sale or other disposition
> shall belong to Landlord.   In the event Tenant
> does not remove signage or make the repairs as
> required by this Article 20A, Tenant shall be
> liable for and agrees to pay Landlord's costs
> and expenses in removing such signage and
> making such repairs (which sum may be deducted

19

>           from the Security Deposit).   Tenant's
>           obligations and covenants under this Article
>           20A shall survive the expiration or termination
>           of this Lease.

Id. at ¶20.  Landlord argues the Disputed Items are fixtures belonging to Landlord pursuant to §8(B) of the Lease as they were "attached to the freehold." Dckt. No. 75. Express disagrees arguing whether the Disputed Items are fixtures is a question of fact and even the items are fixtures, they are trade fixtures belonging to Debtor and conveyed to Express.  In support of its argument, Express provides the affidavit of Mr. Montarbo stating the ease of removing mirrors and the lockers.  Montarbo also avers that it is common in the health club industry for gyms to provide its members with amenities other than exercise equipment in order to facilitate the member's use and enjoyment of the club, and that Express contends it considered the Disputed Items to be included as "substantially all" of Debtor's assets. Dckt. No. 81; see Webster v. Express, Ch. 7 Case No. 14-12297, Adv. Proceeding No. 16-01034, Dckt. No. 78 (Bankr. S.D. Ga. Sept. 28, 2017).

      The mere fact that the Disputed Items may have been attached to the freehold does not automatically entitle the Landlord to summary judgment. Lay Bros. Inc. v. Golden Pantry Food Stores, Inc., 616 S.E.2d 160 (Ga. Ct. App. 2005)("In Georgia, trade fixtures are defined as articles annexed to the realty by a tenant for the

20

purpose of carrying on a trade.  Even though a structure may be large and attached to the premises, it will nevertheless be considered a trade fixture if the tenant installed the structure for purposes of carrying on its business.").  The Lease excludes trade fixtures installed by the tenant from being deemed attached to the freehold and the Landlord's property. Dckt. No. 70, Ex. A, ¶8(B).  For these reasons, at this point, Landlord is not entitled to summary judgment against Express.

For the foregoing reasons, the Trustee's Motion for Summary Judgment is ORDERED GRANTED.  It is FURTHER ORDERED that the Landlord's Motion for Partial Summary Judgment is DENIED.

Susan D. Barrett
SUSAN D. BARRETT
UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this __5th__ Day of February 2018.

AO 72A
(Rev. 8/82)